UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

Case Number: _____

KIM ROSE DAY,

   Plaintiff,

vs.

DCRX HOLDINGS CORP. and
DIABETIC CARE RX, LLC,

   Defendants.

_____/

**Complaint for Damages and Injunctive Relief — Jury Trial Demanded**

**Count I — Age Discrimination Under the ADEA**

Plaintiff, Kim Rose Day, sues defendants, DCRX Holdings Corp. and Diabetic Care Rx, LLC (collectively "DCRX"), and as grounds shows:

**Introduction**

1. This is a discrimination action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et. seq., as amended by the Americans with Disabilities Amendments Act of 2008, by Kim Rose Day, a 50-year-old pharmacist and Manager, Quality Assurance, whom DCRX Holdings Corp. and Diabetic Care Rx, LLC ("DCRX") fired less than a month after she informed them that her husband, whom it also fired,

suffered a rare blood cancer. They then replaced her with a substantially younger non-pharmacist. Ms. Day seeks all legal and equitable relief available under the ADEA and ADA, as well as her costs, including reasonable attorneys' fees.

## Jurisdiction and venue

2.  This court has jurisdiction pursuant 28 U.S.C. §§ 1331 (federal question).

3.  Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose here and the defendants are subject to personal jurisdiction here.

## Parties

4.  At all material times, plaintiff Kim Rose Day, was a 50-year-old Quality Assurance Manager who is married to a pharmacist who suffered from chronic myeloproliferative disorder, one of a group of rare blood cancers. Ms. Day was protected by:

    a.  the ADEA because she is over forty years of age and was an "employee" as contemplated by the ADEA, and

    b.  the ADA because, at all times material, she was married to a qualified individual with a disability, and

    c.  defendants perceived that she was married to a qualified individual with a disability.

5.  At all times material, defendants:

      a.     DCRX Holdings Corp. was a Delaware corporation with its principal place of business, i.e., its production facilities and corporate "nerve center," in Pompano Beach, Florida;

      b.     Diabetic Care Rx, LLC, was a Florida liability company, the managing member of which, DCRX Acquisition Corp., and headquartered in Los Angeles, California,

      c.     The corporate entities (jointly, "DCRX") are an "employer" as envisioned by the ADEA and the ADA.

### Satisfaction of Conditions Precedent

6.     On or about December 8, 2020, Ms. Day filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") pursuant to the ADEA and the ADA.

7.     The EEOC, at Ms. Day's request and based on the EEOC's having determined that it would not be unlikely able to complete the administrative processing of the charge within 180 days, issued Ms. Day a Notice of Right to Sue *(Issued on Request)* on January 29, 2021.

8.     Any other conditions precedent to this action have been satisfied and/or waived.

### General Allegations

9.     Ms. Day started to work for DCRX as a Staff Pharmacist in January 2015.

10. DCRX subsequently promoted Ms. Day into other positions, including Senior Quality Assurance and PI Specialist, and then during July 2019 to Quality Assurance Manager, a position for which she was qualified.

11. Ms. Day received favorable evaluations and merit increases in those positions.

12. During November 2020, Ms. Day informed the Director of Pharmacy that her husband, a Clinical Pharmacist whom the company aggressively sought to engage three months previously to assist in compounding its products, had been diagnosed as suffering chronic myeloproliferative disorder.

13. Chronic myeloproliferative disorder is one of a group of rare blood cancers.

14. The ADA provides that "cancer substantially limits normal cell growth," 29 C.F.R. § 1630.2(j)(3)(iii), and that "normal cell growth" constitutes a "major life activity," § 1630.2(i)(1)(ii).

15. DCRX's human resources director fired Ms. Day's husband via telephone December 4, 2020 — about a month after Ms. Day informed DCRX of his medical condition.

16. DCRX fired Ms. Day a few minutes later, stating that her position had been abolished.

17. Ms. Day, however, was replaced in her "abolished position" of Manager, Quality Assurance, with a substantially younger non-pharmacist whom DCRX had hired in 2019.

18. DCRX's actions, as more particularly alleged above, constituted violations of the ADEA, which were done willfully and with knowing or reckless disregard of the ADEA's proscriptions.

19. As a direct, natural, proximate and foreseeable result of DCRX's actions, Ms. Day has lost wages and benefits in the past and will suffer additional losses in the future.

20. DCRX's treatment of Ms. Day constituted a wilful violation of the ADEA, entitling Ms. Day to recover liquidated damages.

21. Ms. Day is entitled to be awarded reasonable attorney's fees and litigation expenses pursuant to 29 U.S.C. § 626(b).

WHEREFORE, plaintiff, Ms. Day, prays that this Court will:

a. issue a judgment that Ms. Day's termination by DCRX was a violation of Ms. Day's rights against age discrimination under the ADEA;

b. enjoin DCRX from continuing to violate the Ms. Day's federally protected rights and to make Ms. Day whole through back pay and reinstatement or, if that is not feasible as a make-whole remedy, an award of front pay;

c. grant Ms. Day judgment against DCRX for back pay and liquidated damages for the violations of the ADEA;

d. grant Ms. Day her reasonable attorneys' fees and litigation expenses against DCRX, and

e. provide any other relief that is appropriate.

**Count II — Associational Disability Discrimination Under the ADA**

22. Ms. Day realleges and incorporates in this Count the matters set forth in ¶¶ 1, 2, 3, 4(b), 4(c) and 5-17.

23. The ADA at 42 U.S.C. § 12112(b)(4) ("Discrimination") construes "the term 'discriminate against a qualified individual on the basis of disability'" to include "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

24. Ms. Day, along with her husband, were fired within minutes of each other about a month after she revealed to DCRX that her husband had been diagnosed as suffering from chronic myeloproliferative disorder.

25. DCRX took the adverse action against plaintiff because of her relationship or association with her husband, a qualified individual with a disability or whom it perceived as suffering from a disability.

26. DCRX's actions as more particularly alleged above, constituted disability discrimination in violation of the anti-discrimination provisions of the ADA, 42 U.S.C. § 12112(b).

27. As the direct, proximate and foreseeable result of DCRX's actions, Ms. Day has lost wages and benefits in the past and will suffer additional losses in the future and has suffered mental anguish, loss of dignity, a diminution of her reputation and other intangible injuries for which she is entitled to compensatory damages.

28.     The actions of DCRX and its managing agents constituted a wilful and wanton violation of Ms. Day's statutory rights against disability discrimination.

29.     Ms. Day is additionally suffering irreparable harm by being deprived of her federal statutory right against discrimination, for which there is no adequate remedy at law.

30.     Ms. Day is entitled to be awarded reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12133.

WHEREFORE, plaintiff, Ms. Day, prays that this Court will:

a.      issue a judgment that Ms. Day's termination by DCRX was a violation of Ms. Day's rights against discrimination under the ADA;

b.      enjoin DCRX from continuing to violate the Ms. Day's federally protected rights and to make Ms. Day whole through back pay and reinstatement or, if that is not feasible as a make-whole remedy, an award of front pay;

c.      grant Ms. Day judgment against DCRX for back pay, compensatory damages and punitive damages;

d.      grant Ms. Day her reasonable attorneys' fees and litigation expenses against DCRX, and

e.      provide any other relief that is appropriate.

**Demand for Jury Trial**

Plaintiff demands trial by jury on all issues so triable.

>Respectfully Submitted,
>
>THE AMLONG FIRM
>500 Northeast Fourth Street
>Fort Lauderdale, Florida 33301-1154
>(954) 462-1983
>
>
>*/s/ Karen Coolman Amlong*
>KAREN COOLMAN AMLONG
>Florida Bar Number 275565
>KAmlong@TheAmlongFirm.com
>
>***Attorneys for Plaintiff,
>    Kim Rose Day***

\\amlong3\cpshare\CPWin\HISTORY\210325_0001\1824.1C